GAIL L. BARNES, APPELLEE, V. VICTORIA GEORGE, APPELLANT, ET AL.

FILED APRIL 8, 1898. No. 7931.

Appeal: PARTIES: EVIDENCE. There is presented no question on this appeal but the sufficiency of the evidence to sustain the judgment of the district court as to a single one of three defendants, and as the rights of the sole appellant are dependent upon those of the defendants who have not appealed, the judgment is affirmed.

APPEAL from the district court of Lancaster county. Heard below before TIBBETS, J. *Affirmed.*

*J. L. Caldwell*, for appellant.

*F. M. Hall, contra.*

RYAN, C.

In the petition filed in the district court of Lancaster county by Gail L. Barnes there were joined as defendants Victoria George, William Elwood, and May E. Elwood. There was a decree as prayed and a brief has been filed by Victoria George alone. The object of plaintiff's petition was to have subjected to the payment of a judgment in her favor, against Victoria George, certain land, which, before the rendition of said judgment, had been fraudulently conveyed by Victoria George to her co-defendants. Incidentally it was alleged that the grantees of Victoria George, when they received the conveyance just alluded to, had executed to her a mortgage on the property conveyed, and that both the conveyance and the mortgage were made for the purpose of defrauding the creditors of Victoria George, of whom plaintiff was one. There was a prayer that Victoria George might be enjoined from disposing of said mortgage and for general equitable relief. On the trial it was disclosed that William and May E. Elwood were the parents of Victoria George. One J. W. George, a brother-in-law of Victoria

George, was the only witness who testified on behalf of defendants, and his testimony went no further than the statement that the proceeds of the mortgage in question had been used by Victoria George in paying her debts. There was no testimony as to the history of the conveyance of the real property by her, neither was there any evidence as to the purpose for which such conveyance was made. There was no evidence explanatory of the giving of the mortgage to her by her parents. By failing to ask relief as appellants the grantees have relieved us of the necessity of inquiring into the *bona fides* of the conveyance by which they held title, and with regard to the regularity of the proceedings by which such title was decreed to be held subject to the rights of plaintiff. The relief decreed against Victoria George was confined to directing a sale of the real property which she had previously conveyed and was incidental to that decreed as against her parents. The district court, we must therefore assume, was justified in granting against Victoria George the relief which was granted, and its judgment in that regard is

                                        AFFIRMED.